A. JOSEPH GEIST, Respondent, v. HENRY C. BURNSTINE, Appellant.— Order directing the sale at public auction on prescribed terms of all the outstanding capital stock of Playland Holding Corp. and certain indebtedness owing by Playland Holding Corp., reversed on the law and the facts, with ten dollars costs and disbursements, and the matter referred to the official referee heretofore appointed pursuant to the interlocutory judgment to take and state the accounts and report with his opinion. The official referee will take proof and report, with his opinion, as to whether the capital stock of the Playland Holding Corp. is a partnership asset, and if it is, whether it should be sold, and when and under what terms and conditions. When plaintiff, as managing and liquidating partner, applied for an order to sell at public auction all the capital stock of the Playland Holding Corp. and the joint claims of defendant and plaintiff against the corporation, the court stated the motion could not be determined on the conflicting affidavits and set the matter down for a hearing. At the hearing proof was offered to show that the capital stock of the corporation was not a partnership asset, and the corporate records, which were received in evidence, show on their face that the capital stock was not owned by plaintiff and defendant as partners, but as individuals. It may well be that plaintiff will be able to show that, despite the corporate stock records, Playland is an asset of the partnership, but the court struck out all the evidence as to the ownership of the corporate stock and decided the application on affidavits. In our opinion this was error. Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ., concur.